```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
AHMED SHEHAB,                         :    03 Civ. 5730 (LAK) (JCF)
                                      :
                 Plaintiff,           :        REPORT AND
                                      :        RECOMMENDATION
                                      :
        - against -                   :
                                      :
                                      :
NEW YORK STATE DEPARTMENT OF          :
TRANSPORTATION, Bridge                :
Inspection Unit,                      :
                                      :
                 Defendant.           :
                                      :
- - - - - - - - - - - - - - - - - - -:
```
TO THE HONORABLE LEWIS A. KAPLAN, U.S.D.J.:

Ahmed Shehab brings this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., charging that the New York State Department of Transportation (the "NYDOT") discriminated against him on the basis of national origin. The NYDOT now moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the grounds that the NYDOT was not Mr. Shehab's employer, that actions taken by the NYDOT complied with federal affirmative action regulations, and that Mr. Shehab has failed to set forth any triable issue of fact. For the reasons discussed below, I recommend that the motion be granted.

Background

    A.   The Hiring and Discharge of the Plaintiff

The NYDOT maintains highways and bridges in the State of New

1

York with funding from the Federal Highway Administration (the "FHWA"). See 23 U.S.C. §§ 105, 106. As a condition of receiving FHWA funds, the NYDOT must adhere to regulations promulgated by the United States Department of Transportation to implement the anti-discrimination provisions of the Federal Highways Act. See 23 U.S.C. § 140. Under 23 C.F.R. § 230.111, which requires on-the-job training programs in state highway construction projects, the NYDOT must designate a certain number of highway contracts as on-the-job training contracts and must ensure that private companies operating under those contracts create and maintain positions for minority trainees.

The definition of minorities is provided in 23 C.F.R. § 230.305(c):

> As defined by U.S. Federal agencies for employment purposes, minority group persons in the U.S. are identified as Blacks (not of Hispanic origin), Hispanics, Asian or Pacific Islanders, and American Indians or Alaskan Natives.

"[P]ersons having origins in any of the original peoples of Europe, North Africa, the Middle East, or the Indian Subcontinent" are categorized as "White (not of Hispanic origin)[,]" and do not qualify for the affirmative action training programs. 23 C.F.R. § 230.305(d).

Pursuant to NYDOT contract requirements, contractors first select candidates for on-the-job training positions and then obtain approval of the candidates from the NYDOT. Approval rests on,

2

among other things, verification by the NYDOT Office of Equal Opportunity Development and Compliance (the "OEODC") that the candidates are members of minority groups as defined by the FHWA. (Declaration of Naim Orayfig dated Oct. 13, 2005 ("Orayfig Decl."), attached to Notice of Motion for Summary Judgment, ¶ 3).

The plaintiff is an Egyptian-born American citizen trained in civil engineering. In February 2002 he applied for an affirmative action training position at Chas. H. Sells, Inc. ("Sells"), an engineering firm with a contract to inspect bridges for the NYDOT. (Deposition of Ahmed Shehab dated June 24, 2005 ("Shehab Dep."), attached as Exh. C to Declaration of Steven L. Banks in Support of Defendant's Motion for Summary Judgment dated Oct. 12, 2005 ("Banks Decl."), at 20-22, 31; Orayfig Decl., ¶ 6).

Sells offered Mr. Shehab the training position, contingent upon approval by the NYDOT. (Letter of Salvatore Iodice dated Feb. 13, 2002 ("Iodice Letter"), attached as Exh. 10 to Amended Complaint). On March 6, 2002, Sells proposed Mr. Shehab as a trainee for the affirmative action plan and then contacted the OEDOC to confirm that the plaintiff was eligible. (Orayfig Decl., ¶ 6). David Perez, a compliance associate at the OEDOC, mistakenly informed Sells that Mr. Shehab was qualified. (Orayfig Decl., ¶ 9). Mr. Shehab began employment on March 18, 2002. Later that week Naim Orayfig, an OEDOC supervisor, reviewed Mr. Shahab's application and, applying 23 C.F.R. § 230.305, determined that Mr.

Shehab was ineligible for the training position. (Orayfig Decl., ¶ 7). Mr. Orayfig conveyed the news to Sells, and Sells discharged Mr. Shehab on March 22, 2002. (Orayfig Decl., ¶ 8; Shehab Dep. at 57-58).

Mr. Shehab filed a complaint with the New York State Division of Human Rights (the "SDHR") on April 16, 2002. Finding that the NYDOT acted in accordance with federal mandates, the SDHR ruled that the NYDOT did not engage in unlawful discrimination. (Determination and Order after Investigation dated March 31, 2003, attached as Exh. D to Banks Decl.). The United States Equal Employment Opportunity Commission adopted the SDHR's findings on May 2, 2003, and notified Mr. Shehab of his right to sue. (Dismissal and Notice of Rights dated May 2, 2003, attached as Exh. E to Banks Decl.). On August 1, 2003, the plaintiff filed this action.[1]

B. Procedural History

There have been two previous Reports and Recommendations in this case. On June 16, 2004, I recommended that Mr. Shehab be given the opportunity to amend his complaint and allege that the NYDOT was his employer within the meaning of Title VII. The Honorable Lewis A. Kaplan, U.S.D.J., adopted that recommendation,

---

[1] Mr. Shehab also sued Chas. H. Sells, Inc. See Shehab v. Chas. H. Sells, Inc., No. 04 Civ. 1534, 2004 WL 2659835 (S.D.N.Y. Nov. 22, 2004)(denying in part and granting in part defendant's motion to dismiss). I have addressed Sells's motion for summary judgment separately.

4

Shehab v. New York State Department of Transportation, No. 03 Civ. 5730, 2004 WL 1585923, at *1 (S.D.N.Y. July 15, 2004), and on August 30, 2004, Mr. Shehab filed an amended complaint.

The NYDOT moved to dismiss on the basis that it was not Mr. Shahab's employer, but on March 10, 2005, I recommended that the motion be denied because Mr. Shehab's amended complaint raised sufficient issues of fact concerning that issue. Shehab v. New York State Department of Transportation, No. 03 Civ 5730, 2005 WL 659146, at *4-5 (S.D.N.Y., March 10, 2005). Judge Kaplan adopted that recommendation as well. Shehab v. New York State Department of Transportation, No. 03 Civ 5730, 2005 WL 954912 at *1 (S.D.N.Y. April 26, 2005).

Now the NYDOT moves for summary judgment, contending that Mr. Shehab's argument consists only of conclusory statements; that NYDOT did not act as Mr. Shehab's employer but, rather, merely performed its regulatory function; and that even assuming that the NYDOT was Mr. Shehab's employer, Mr. Shehab cannot demonstrate that the NYDOT's stated, nondiscriminatory reason for finding him ineligible was a pretext for discrimination.

Discussion

A. Summary Judgment Standard

Defeating a motion for summary judgment is more difficult than surviving a motion to dismiss. A federal court's task when reviewing a motion to dismiss is limited to determining whether the

5

complaint is sufficiently well-pled to permit the plaintiff to go forward and offer evidence to support his claims. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); accord Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002). However, once there has been adequate time for discovery and the case has progressed to the summary judgment stage, the language of Rule 56(c) mandates a grant of summary judgment if the party opposing the motion "fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see Fed. R. Civ. P. 56(c).

Although, in deciding a motion for summary judgment, a court must resolve all ambiguities and draw all factual inferences in favor of the non-moving party, that party cannot prevail by showing the "mere existence of some alleged factual dispute between the parties." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Rather, the party opposing summary judgment must set forth evidence showing that there is a genuine issue of material fact for trial. Id. at 248. Conclusory, speculative evidence will not do. "The litigant opposing summary judgment may not rest upon mere conclusory allegations or denials, but must bring forward some affirmative indication that his version of the relevant evidence is not fanciful." Podell v. Citicorp Diners Club, Inc., 112 F.3d 98, 101 (2d Cir. 1997) (citation and internal quotation marks omitted);

see Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (a non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts"). If the court determines that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Electric Industrial Co., 475 U.S. at 587 (quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288 (1968)); see Montana v. First Federal Savings & Loan Association, 869 F.2d 100, 103 (2d Cir. 1989).

Where a litigant is without counsel, his pleadings should be read liberally and interpreted "to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Nevertheless, proceeding pro se does not relieve a litigant from the usual requirements of summary judgment, Gittens v. Garlocks Sealing Technologies, 19 F. Supp. 2d 104, 110 (W.D.N.Y. 1998), and the party's bald assertion, unsupported by evidence, will not defeat a motion for summary judgment. Lee v. Coughlin, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991)); accord Howard Johnson International, Inc. v. HBS Family, Inc., No. 96 Civ. 7687, 1998 WL 411334, at *3 (S.D.N.Y July 22, 1998); see also Stinson v. Sheriff's Department, 499 F. Supp. 259, 262 (S.D.N.Y. 1980) (noting

that liberal standard accorded to pro se pleadings "is not without limits, and all normal rules of pleadings are not absolutely suspended").

B. <u>Title VII Standards</u>

Title VII makes it illegal for an employer to discriminate on the basis of a person's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). Assuming that a defendant's status as an employer is established, courts employ a three-step burden-shifting framework to analyze Title VII claims. <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 801-02 (1973). First, the plaintiff must make a prima facie case of discrimination. Second, if the plaintiff succeeds, the burden shifts to the defendant to produce evidence that the challenged action was taken "for a legitimate, nondiscriminatory reason." <u>St. Mary's Honor Center v. Hicks</u>, 509 U.S. 502, 507 (1993) (quoting <u>Texas Department of Community Affairs v. Burdine</u>, 450 U.S. 248, 254 (1981)). Third, if the defendant successfully shifts the burden back to the plaintiff, the plaintiff must "prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 530 U.S. 133, 143 (2000) (quoting <u>Burdine</u>, 450 U.S. at 253).

Adherence to an affirmative action plan is a legitimate, nondiscriminatory reason for an employer to make a race-conscious

employment decision. United Steelworkers of America, AFL-CIO-CLC v. Weber, 443 U.S. 193, 206-07 (1979). If an employer disputes a plaintiff's prima facie case by providing evidence of such a plan, the burden of production shifts back to the plaintiff to "prove that the employer's justification is pretextual and the plan is invalid." Johnson v. Transportation Agency, 480 U.S. 616, 626-27 (1987).

C. Merits

In support of its motion for summary judgment, the NYDOT argues that it cannot be held liable under Title VII because it was enforcing federal regulations pursuant to its police powers, not as an employer. In the alternative, the defendant argues that Mr. Shehab has not carried his burden of proving that its on-the-job training affirmative action program is invalid. Because I find that Mr. Shehab has failed to provide evidence that the program is invalid, I need not determine whether the NYDOT so controlled Mr. Shehab's access to employment opportunities that it functioned as his employer.

Mr. Shehab's challenge to the NYDOT's on-the-job training program centers on his contention that the State used the wrong FHWA regulation to determine his eligibility. (Plaintiff's Statement in-accordance-to Local Rules for Civil Procedures ("Plaintiff's Statement"), ¶ 1). The NYDOT based its determination on 23 C.F.R. § 230.305, the regulation defining minority group

persons. In support of his argument that 23 C.F.R. § 230.305 is the wrong standard, Mr. Shehab calls attention to two other regulations, 23 C.F.R. §§ 230.107 and 230.111(d)(1), which set forth the FHWA's policy objectives for on-the-job training programs. Section 230.107(b) states that it is the policy of the FHWA to increase the "participation of minority groups and disadvantaged persons and women" in the construction trades. Section 230.111(d)(1) explains that the "primary objectives" of FHWA-backed on-the-job training programs are "training and upgrading minority group workers, women and disadvantaged persons."

In Mr. Shehab's view, members of all three groups identified in these two passages -- women, minorities, and disadvantaged persons -- are eligible for FHWA-assisted training programs. Based on his economic status, Mr. Shehab includes himself in the category of disadvantaged persons and contends that he is eligible for such programs. (Plaintiff's Statement, ¶ 1; Objection to Report and Recommendation dated June 25, 2005, attached as Exh. 5 to Plaintiff's Statement, at 3). However, an agency's policy statement "lacks the firmness of a prescribed standard," Sprint Corp. v. Federal Communications Commission, 315 F.3d 369, 373 (D.C. Cir. 2003)(quoting Sugar Cane Growers Cooperative of Florida v. Veneman, 289 F.3d 89, 95 (D.C. Cir. 2002)), and does not function as a substantive rule. Panhandle Eastern Pipeline Co. v. Federal Energy Regulatory Commission, 198 F.3d 266, 269 (D.C. Cir. 1999)

10

(delineating distinction between agency policy statement and substantive rule, likening policy statement to an announcement or press release). Mr. Shehab's invocation of the two policy statements therefore does not raise an effective challenge to the validity of the NYDOT's on-the-job training program.

Mr. Shehab also asserts that the NYDOT violated Title VII by denying him a position solely because of his Egyptian heritage. (Plaintiff's Statement, ¶ 10). Because the NYDOT has demonstrated that it did so in accordance with an affirmative action plan, Mr. Shehab's challenge is, in effect, an assertion pursuant to the third step of the McDonnell Douglas burden-shifting analysis: he alleges that the NYDOT's plan is invalid and a pretext for discrimination. But Mr. Shehab has not presented any evidence, as he must in order to prevail, that the NYDOT had an invidious discriminatory purpose in excluding Egyptians from the training program or lacked a rational basis for defining eligibility as it did. See Jana-Rock Construction, Inc. v. New York State Department of Economic Development, 438 F.3d 195, 200 (2d Cir. 2006) (holding that plaintiff challenging government affirmative action plan as underinclusive must show that government lacked rational basis for its eligibility standards). In the absence of such a showing, the NYDOT's evidence is sufficient to demonstrate that it had a legitimate, non-discriminatory rationale for its actions.

Conclusion

For the reasons set forth above, the NYDOT's motion for summary judgment should be granted. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 62, 6(a), and 6(e) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Lewis A. Kaplan, Room 1310, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

*/s/ James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         March 28, 2006

Copies mailed this date to:

Ahmed Shehab
155-19 Jewel Avenue
# 4B
Flushing, New York 11367

12

Steven L. Banks, Esq.
Assistant Attorney General
120 Broadway
New York, New York  10271